# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF

In re:                                    §
                                          §
FABICH, BRENDA L                          §        Case No. 11-21479
                                          §
_____Debtor(s)_____§

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on
   . The undersigned trustee was appointed on                    .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]              $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/LYNN E. FELDMAN_____
                                             Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 1

Exhibit A

| | | |
|---|---|---|
| Case No: | 11-21479    REF    Judge: RICHARD E. FEHLING | Trustee Name: LYNN E. FELDMAN |
| Case Name: | FABICH, BRENDA L | Date Filed (f) or Converted (c): 06/01/11 (f) |
| | | 341(a) Meeting Date: 07/11/11 |
| For Period Ending: | 10/24/13 | Claims Bar Date: 01/29/12 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 21 Hickory Drive, Bethel, PA 19507 | 155,000.00 | 0.00 | | 0.00 | FA |
| 2. 5836 Fourpoint Rd., Bethel Twp, Berks Cty | 580,000.00 | 25,000.00 | | 150,000.00 | FA |
| 3. cash on hand | 50.00 | 0.00 | | 0.00 | FA |
| 4. checking account, savings account Fredericksburg Bk | 1,060.00 | 0.00 | | 0.00 | FA |
| 5. 5 rooms plus furnishings | 7,800.00 | 0.00 | | 0.00 | FA |
| 6. misc. books and pictures | 500.00 | 0.00 | | 0.00 | FA |
| 7. used clothing | 400.00 | 0.00 | | 0.00 | FA |
| 8. costume jewelry blue diamond ring and earrings | 2,000.00 | 0.00 | | 0.00 | FA |
| 9. shotgun, pistols, 2 rifles | 600.00 | 0.00 | | 0.00 | FA |
| 10. whole life policy | 1,100.00 | 0.00 | | 0.00 | FA |
| 11. 100% owner of commn stock of Blue Mountain Oil company filed Chapter 7 case, notice of no distribution | 4,340.00 | 0.00 | | 0.00 | FA |
| 12. 2002 Chrysler Sebring, 1997 Dodge pickup truck | 6,800.00 | 0.00 | | 0.00 | FA |
| 13. computer, metal desk | 300.00 | 0.00 | | 0.00 | FA |
| 14. dog- mixed breed | 75.00 | 0.00 | | 0.00 | FA |
| 15. adversary action, Trustee vs Nassar and Setton (u) adversary case no. 12-00487 to declare the $30,000.00 initial deposit from Nassar, and held by realtor Setton, property of the estate | 0.00 | 15,000.00 | | 15,000.00 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)    $760,025.00    $40,000.00    $165,000.00    $0.00

(Total Dollar Amount in Column 6)

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 2

Exhibit A

| | | |
|---|---|---|
| Case No: | 11-21479    REF    Judge: RICHARD E. FEHLING | Trustee Name:    LYNN E. FELDMAN |
| Case Name: | FABICH, BRENDA L | Date Filed (f) or Converted (c):    06/01/11 (f) |
| | | 341(a) Meeting Date:    07/11/11 |
| | | Claims Bar Date:    01/29/12 |

DEBTOR'S COURT APPOINTED REALTOR IS MARKETING THE COMMERCIAL PROPERTY. THE PROPERTY IS OVER ENCUMBERED. THE TRUSTEE ENTERED INTO AN AGREEMENT WITH THE SECURED LENDER FOR A CARVEOUT FOR THE ESTATE IF THE PROPERTY SELLS WITHIN SIX MONTHS OF SIGNING THE AGREEMENT. IF THE PROPERTY DOES NOT SELL, THE TRUSTEE AND SECURED LENDER AGREED TO AUCTION THE PROPERTY.

AUCTION SCHEDULED FOR JUNE 30, NOON. NOT DOING MOTION TO SELL BECAUSE WE ARE JUST GETTING CARVEOUT. JOE TO SUBMIT AN ITEMIZATION OF ANTICIPATED COSTS TO WELLS FARGO. BANK TO CONSIDER A 2% BUYERS PREMIUM.

7/31/12: spoke to Edge Abstract at 610-678-7444. Scheduling closing for 8/20. They will do deed and settlement sheet and get to me before closing. Spoke to buyer's realtor, Joe Weimann at 610-698-9268 and he will get me an extention.

8/22/12: JUDGE SCHEDULED HEARING ON MOTION TO SELL FOR 9/4/12.

10/5/12: ADVERSARY COMPLAINT TO DETERMINE OWNERSHIP OF THE 30K DEPOSIT IS ONGOING. AWAITING TRIAL DATE.

11/18/12: SETTLEMENT OFFER OF SPLITTING THE 30K DOWN THE MIDDLE WAS ACCEPTED BY BOTH SIDES. COUNSEL PREPARING STIPULATION TO SETTLE ADVERSARY. WILL CONTACT THE ACCOUNTANT TO DO THE FINAL RETURN ONCE THE STIP IS SIGNED AND APPROVED.

12/20/12: adversary settled. court order filed. accountant working on final return.

9/30/13: spoke with American Infosource for verification that the debtor personally guaranteed two of the disputed POC's. If not, they will withdraw those. If personally guaranteed, distribution will include.

Initial Projected Date of Final Report (TFR): 12/31/12          Current Projected Date of Final Report (TFR): 12/30/13

FORM 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 1

Exhibit B

| Case No: | 11-21479 -REF | | Trustee Name: | LYNN E. FELDMAN |
|---|---|---|---|---|
| Case Name: | FABICH, BRENDA L | | Bank Name: | EAGLEBANK |
| | | | Account Number / CD #: | *******0024 EagleBank - Checking Account |
| Taxpayer ID No: | *******9963 | | | |
| For Period Ending: | 10/24/13 | | Blanket Bond (per case limit): | $ 13,823,077.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 07/02/12 | | SATNAM SINGH<br>351 MIDWAY ROAD<br>BETHEL, PA 19507 | DEPOSIT FOR SALE OF REAL ESTATE | 1110-000 | 20,000.00 | | 20,000.00 |
| 09/21/12 | 003001 | EDGE ABSTRACT INDEPENDENCE , LLC<br>2213 QUARRY DRIVE, STE 202<br>WEST LAWN, PA 19609 | FABICH- DEPOSIT MONEY FROM SINGH<br>Remittance of deposit received by trustee from buyer, Mr. Singh. Funds given to settlement company for 9/25/12 settlement to be credited to the buyer, Singh and paid to Wells Fargo Bank. | 1110-000 | -20,000.00 | | 0.00 |
| 09/25/12 | | EDGE ABSTRACT INDEPENDENCE, LLC<br>2213 QUARRY DRIVE, SUTIE 104A<br>WEST LAWN, PA 19609 | carveout from Wells Fargo from sale<br>ng real estate located at 5836 Four Point Rd., Bethel, PA | | 25,000.00 | | 25,000.00 |
| | 2 | EDGE ABSTRACT INDEPENDENCE, LLC | Memo Amount:       150,000.00<br>carveout from Wells Fargo from sale | 1110-000 | | | |
| | | | Memo Amount:  (    107,521.06 )<br>Wells Fargo | 4110-000 | | | |
| | | | Memo Amount:  (     17,478.94 )<br>settlement charges | 2500-000 | | | |
| 01/08/13 | 15 | GERSHMAN LAW OFFICES, PC<br>IOLTA ACCOUNT<br>610 YORK ROAD, STE 200<br>JENKINTOWN, PA 19046 | ADVERSARY SETTLEMENT | 1249-000 | 15,000.00 | | 40,000.00 |
| 01/11/13 | 003002 | INTERNATIONAL SURETIES, LTD. | BOND PAYMENT 1/1/13 THR 1/1/14 | 2300-000 | | 19.37 | 39,980.63 |
| 02/12/13 | | EAGLEBANK | BANK SERVICE FEE | 2600-000 | | 39.00 | 39,941.63 |
| 03/08/13 | | EAGLEBANK | BANK SERVICE FEE | 2600-000 | | 38.00 | 39,903.63 |
| 04/09/13 | | EAGLEBANK | BANK SERVICE FEE | 2600-000 | | 42.00 | 39,861.63 |
| 05/07/13 | | EAGLEBANK | BANK SERVICE FEE | 2600-000 | | 41.00 | 39,820.63 |
| 06/10/13 | | EAGLEBANK | BANK SERVICE FEE | 2600-000 | | 42.00 | 39,778.63 |
| 07/10/13 | | EAGLEBANK | BANK SERVICE FEE | 2600-000 | | 41.00 | 39,737.63 |

Page Subtotals       40,000.00       262.37

FORM 2

Page: 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| Case No: | 11-21479 -REF | Trustee Name: | LYNN E. FELDMAN |
|---|---|---|---|
| Case Name: | FABICH, BRENDA L | Bank Name: | EAGLEBANK |
| | | Account Number / CD #: | *******0024  EagleBank - Checking Account |
| Taxpayer ID No: | *******9963 | | |
| For Period Ending: | 10/24/13 | Blanket Bond (per case limit): | $ 13,823,077.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | Uniform | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| 08/08/13 | | EAGLEBANK | BANK SERVICE FEE | 2600-000 | | 42.00 | 39,695.63 |
| 09/11/13 | | EAGLEBANK | BANK SERVICE FEE | 2600-000 | | 42.00 | 39,653.63 |
| 10/04/13 | | EAGLEBANK | BANK SERVICE FEE | 2600-000 | | 41.00 | 39,612.63 |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
| Memo Allocation Receipts: | 150,000.00 | COLUMN TOTALS | 40,000.00 | 387.37 | 39,612.63 |
| Memo Allocation Disbursements: | 125,000.00 | Less:  Bank Transfers/CD's | 0.00 | 0.00 | |
| | | Subtotal | 40,000.00 | 387.37 | |
| Memo Allocation Net: | 25,000.00 | Less:  Payments to Debtors | | 0.00 | |
| | | Net | 40,000.00 | 387.37 | |
| | | | | NET | ACCOUNT |
| Total Allocation Receipts: | 150,000.00 | TOTAL - ALL ACCOUNTS | NET DEPOSITS | DISBURSEMENTS | BALANCE |
| Total Allocation Disbursements: | 125,000.00 | EagleBank - Checking Account - ********0024 | 40,000.00 | 387.37 | 39,612.63 |
| | | | ---------------------- | ---------------------- | ---------------------- |
| Total Memo Allocation Net: | 25,000.00 | | 40,000.00 | 387.37 | 39,612.63 |
| | | | ============ | ============ | ============ |
| | | | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals     0.00     125.00

| Page 1 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: October 24, 2013 |
|---|---|---|---|---|---|---|

Case Number:  11-21479                    Claim Class Sequence
Debtor Name:  FABICH, BRENDA L

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---:|---:|---:|
| 001<br>3410-00 | KAREN ALDINGER<br>BLOCK AND ALDINGER<br>1651 N CEDAR CREST BLVD.<br>STE 201<br>ALLENTOWN, PA 18104 | Administrative | | $861.44 | $0.00 | $861.44 |
| 001<br>3210-00 | HOWARD GERSHMAN, ESQ. | Administrative | | $5,232.79 | $0.00 | $5,232.79 |
| 001<br>2700-00 | US BANKRUPTCY COURT<br>THE MADISON BUILDING, STE 300<br>400 WASHINGTON ST.<br>READING, PA 19601 | Administrative | | $293.00 | $0.00 | $293.00 |
| 000001<br>070<br>7100-00 | Discover Bank<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH 43054-3025 | Unsecured | | $13,504.25 | $0.00 | $13,504.25 |
| 000002<br>070<br>7100-00 | Wells Fargo Bank,N.A.<br>Business Direct Division<br>100 W, Washington Street 8th Flr<br>Phoenix, AZ 85003 | Unsecured | (2-1) Debtor #177573216 | $40,327.19 | $0.00 | $40,327.19 |
| 000003<br>070<br>7100-00 | Capital One Bank (USA), N.A.<br>by American InfoSource LP as agent<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Unsecured | | $33,228.72 | $0.00 | $33,228.72 |
| 000004<br>070<br>7100-00 | Capital One Bank (USA), N.A.<br>by American InfoSource LP as agent<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Unsecured | | $13,173.58 | $0.00 | $13,173.58 |
| 000005<br>070<br>7100-00 | Leaf Funding Inc.<br>2005 Market Street<br>Philadelphia, PA 19103 | Unsecured | (5-1) Lease agreement | $10,094.67 | $0.00 | $10,094.67 |
| 000006<br>070<br>7100-00 | Metropolitan Edison Company<br>a First Energy Company<br>331 Newman Springs Road<br>Building 3<br>Red Bank NJ 07701 | Unsecured | | $71.91 | $0.00 | $71.91 |
| 000007<br>070<br>7100-00 | Wells Fargo Bank N.A.<br>Business Direct Division<br>100 W, Washington Street 8th Flr<br>Phoenix, AZ 85003 | Unsecured | (7-1) debtor 176940769 | $49,928.25 | $0.00 | $49,928.25 |
| 000008<br>070<br>7100-00 | HSBC Bank Nevada, N.A.<br>Bass & Associates, P.C.<br>3936 E. Ft. Lowell Rd, Suite 200<br>Tucson, AZ 85712 | Unsecured | | $1,775.16 | $0.00 | $1,775.16 |

| Page 2 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: October 24, 2013 |
|---|---|---|---|---|---|---|

Case Number:   11-21479               Claim Class Sequence
Debtor Name:   FABICH, BRENDA L

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| | Case Totals: | | | $168,490.96 | $0.00 | $168,490.96 |

Code #:   Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-21479
Case Name: FABICH, BRENDA L
Trustee Name: LYNN E. FELDMAN

        Balance on hand         $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: LYNN E. FELDMAN | $ | $ | $ |
| Trustee Expenses: LYNN E. FELDMAN | $ | $ | $ |
| Attorney for Trustee Fees: HOWARD GERSHMAN, ESQ. | $ | $ | $ |
| Attorney for Trustee Expenses: HOWARD GERSHMAN, ESQ. | $ | $ | $ |
| Accountant for Trustee Fees: KAREN ALDINGER | $ | $ | $ |
| Accountant for Trustee Expenses: KAREN ALDINGER | $ | $ | $ |
| Charges: US BANKRUPTCY COURT | $ | $ | $ |

    Total to be paid for chapter 7 administrative expenses     $_____

    Remaining Balance     $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

    In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $        must be paid in advance of any dividend to general (unsecured) creditors.

    Allowed priority claims are:

NONE

    The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

    Timely claims of general (unsecured) creditors totaling $            have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be        percent, plus interest (if applicable).

    Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Discover Bank | $ | $ | $ |
| 000002 | Wells Fargo Bank, N.A. | $ | $ | $ |
| 000003 | Capital One Bank (USA), N.A. | $ | $ | $ |
| 000004 | Capital One Bank (USA), N.A. | $ | $ | $ |
| 000005 | Leaf Funding Inc. | $ | $ | $ |
| 000006 | Metropolitan Edison Company | $ | $ | $ |
| 000007 | Wells Fargo Bank N.A. | $ | $ | $ |
| 000008 | HSBC Bank Nevada, N.A. | $ | $ | $ |

    Total to be paid to timely general unsecured creditors     $_____

    Remaining Balance                        $_____

      Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

      Tardily filed general (unsecured) claims are as follows:

NONE

      Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE